IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAMPER HARDRIDGE, )<br>)<br>       Plaintiff, )<br>)<br>vs. )<br>)<br>TULSA POLICE DEPARTMENT, )<br>sued as Tulsa County Police Department )<br>and Affiliates, )<br>)<br>       Defendant. ) | Case No. 04-CV-0088-CVE-FHM |

**OPINION AND ORDER**

This is a 42 U.S.C. § 1983 civil rights action commenced by *pro se* Plaintiff Pamper Hardridge on February 6, 2004. By Order filed October 26, 2005 (Dkt. # 12), the Court dismissed the case without prejudice based on lack of prosecution. By Order filed August 4, 2006 (Dkt. # 14), the Court construed a letter from Plaintiff as a motion to reopen. Because the record reflects a lack of diligence by Plaintiff, the Court directed her to show cause why this matter should be reopened. See Dkt. # 14. On August 11, 2006, the Court received Plaintiff's response (Dkt. # 15). For the reasons discussed below, the Court finds Plaintiff has failed to demonstrate cause sufficient to warrant reopening of this matter. Therefore, her motion to reopen shall be denied and this matter shall remain closed.

As indicated in the Order filed August 4, 2006, Rule 60(b), *Federal Rules of Civil Procedure*, governs the Court's consideration of whether to reopen this matter by setting aside the prior Order of dismissal. Rule 60(b) reads in part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time

> to move for a new trial under 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed. R. Civ. P. 60(b).

In this case, Plaintiff submitted her letter requesting reopening of this matter less than one year after the order of dismissal. As a result, any of the six (6) bases listed in Rule 60(b) could serve as a ground for reopening this case. Although Plaintiff does not indicate which if any of the grounds specified in Rule 60(b) apply, the Court finds that Plaintiff has not asserted any fact suggesting that grounds 2, 3, 4, or 5 have any applicability. Therefore, the Court shall consider whether Plaintiff has alleged facts sufficient to reopen this matter pursuant to either ground 1 or 6.

Plaintiff must recite, or the record must show, the existence of extraordinary circumstances justifying relief under Rule 60(b). Van Skiver v. United States, 952 F.2d 1241, 1244 (10th Cir. 1991); Bud Brooks Trucking v. Bill Hodges Trucking, 909 F.2d 1437, 1440 (10th Cir. 1990). The Court finds neither the record nor Plaintiff's recitation of facts demonstrates extraordinary circumstances justifying reopening this case under either Rule 60(b)(1) or (6). To be entered to relief under Rule 60(b)(1), a plaintiff must demonstrate mistake, inadvertence, surprise, or excusable neglect. As stated in the Order entered August 4, 2006 (Dkt. # 14), the docket sheet reflects a lack of diligence by Plaintiff in pursuing her claims.[1] Nothing in the record suggests mistake,

---

[1] The record reflects Plaintiff's disregard for the time limits imposed by both the Court and the Federal Rules of Civil Procedure. For example, by Order filed May 25, 2004 (Dkt. # 4), the Court directed Plaintiff to file an amended declaration in support of her motion to proceed *in forma pauperis* within twenty (20) days of the date of the Order. More than four (4) months passed before Plaintiff filed an amended declaration on September 28, 2004. During that time, Plaintiff failed to effect service of

inadvertence, surprise, or excusable neglect. In response to the Court's Order and in spite of the record, Plaintiff nonetheless claims she has been diligent in pursuing her claims. To demonstrate her diligence, Plaintiff first claims that she submitted a "change of address and telephone numbers." See Dkt. # 15. In stark contrast to her allegation, however, the Court finds there has been no "notice of change of address" filed of record in this matter.

Plaintiff also claims to have telephoned the Court Clerk's Office "6 months ago" to check on the status of this case, and was told to submit a written description of the incident giving rise to her claims by August, 2006. The Court first notes that Clerk's Office employees are carefully trained in responding to telephone inquiries. Nothing in the record for this case could have prompted the response described by Plaintiff. Significantly, the Order of dismissal had already been entered when Plaintiff claims to have called the Court Clerk's Office. As a result, the Court finds Plaintiff's version of the facts concerning her conversation with the Clerk's Office employee to be implausible.

Lastly, Plaintiff complains of being given "misinformation in the past by 2 women in the County Clerk's Office." Specifically, Plaintiff claims that she asked two (2) women in the County Clerk's Office for assistance in completing a subpoena to "CCA David L. Moss" to put them on notice of her lawsuit but that both women gave her "misinformation by having me to address the subponaes (sic) to the wrong party, causing my lawsuit to be dismissed."[2] The Court first notes that

---

process. Thus, Plaintiff failed to comply with Fed. R. Civ. P. 4, requiring service of the complaint within 120 days of its filing. The record further reflects that by Order filed August 22, 2005 (Dkt. # 10), the Court directed that the case would be dismissed for lack of prosecution unless Plaintiff took action within thirty (30) days. That Order was returned, marked "return attempted not known." Another two (2) months passed before the action was dismissed without prejudice for lack of prosecution. See Dkt. # 12.

[2]Plaintiff filed a separate civil rights action in this Court, N.D. Okla. Case No. 04-CV-087-CVE. The Defendant in that case was Corrections Corporation of America ("CCA"). On September 20, 2004,

3

the "County Clerk's Office" is associated with Tulsa County and is unrelated to the Office of the Clerk of Court for the Northern District of Oklahoma. Even if the two (2) women described by Plaintiff are employed in the Office of the Clerk of this Court, the Court finds that since the only named defendant in this action is the "Tulsa County Police Department," the fact that Plaintiff was unable to serve a subpoena on "CCA David L. Moss" has no relevance to Plaintiff's pursuit of her claims in this case. The Court concludes that nothing in Plaintiff's response justifies entitlement to relief under Fed. R. Civ. P. 60(b)(1).

A request for relief under Rule 60(b)(6) must meet two requirements in order to succeed. First, the request must be filed within a reasonable time. See Fed. R. Civ. P. 60(b). Second, relief may only be granted "'when it offends justice to deny such relief.'" Yapp v. Excel Corp., 186 F.3d 1222, 1232 (10th Cir. 1999) (quoting Cashner v. Freedom Stores, Inc., 98 F.3d 572, 580 (10th Cir. 1996)). "Relief under Rule 60(b)(6) is appropriate when circumstances are so 'unusual or compelling' that extraordinary relief is warranted, or when it 'offends justice' to deny such relief." Cashner, 98 F.3d at 580 (citation omitted). The Court notes that although Plaintiff submitted her letter construed by the Court as a motion to reopen less than a year from the Order of dismissal, almost twenty-two (22) months had passed between Plaintiff's last filing and receipt of the letter construed as a motion to reopen. Furthermore, Plaintiff emphasizes in her response that police officers used "wrongful, excessive force, unnecessary unreasonable and deadly force [on February 7, 2003] which resulted in my extensive mental and physical injuries." See Dkt. # 15. However, the alleged conduct and injuries apparently did not justify pursuit of the claims raised in this case until

---

that action was dismissed without prejudice based on improper service. Dismissal of the complaint occurred only after Plaintiff had been granted additional time for service and had made two improper attempts at service. See Dkt. # 11, N.D. Okla. Case No. 04-CV-087-CVE.

4

Plaintiff again found herself in custody at the Tulsa County Jail in August of 2006. The Court finds that upon review of the record and the allegations contained in Plaintiff's response to the Court's Order filed August 4, 2006, Plaintiff has failed both to seek reopening within a reasonable time and to demonstrate circumstances that are so unusual or compelling that extraordinary relief is warranted, or that it would offend justice to deny such relief. Plaintiff is not entitled to relief under Fed. R. Civ. P. 60(b)(6).

Having determined that Plaintiff is not entitled to relief from the Court's Order of dismissal under either Fed. R. Civ. P. 60(b)(1) or (6), the Court finds Plaintiff's motion to reopen (Dkt. # 13) shall be denied. This matter shall remain closed.

**ACCORDINGLY IT IS HEREBY ORDERED that:**

1. Plaintiff's motion to reopen case (Dkt. # 13) is **denied**.

2. This matter shall remain closed.

DATED this 15th day of August, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT